IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| ROBERT A. DaSILVA, JR., | ) | Cause No. CV 11-27-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| T. GREEN; ATTORNEY GENERAL | ) | |
| OF THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On May 24, 2011, Petitioner Robert A. DaSilva, Jr., filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

## II. Background

Petitioner was convicted and sentenced for a sex offense in the State of Washington in 1998. Order at 1, DaSilva v. Green, No. OP 11-0113 (Mont. Apr. 26, 2011) (doc. 2-2 at 14). Recently, he was convicted in a Montana state court of failure to register as a sex offender. His direct appeal of that conviction has been fully briefed by counsel and remains pending in the Montana Supreme Court. Pet. (doc. 1) at 3 ¶ 8; State v. DaSilva, No. DA 10-0323 (Mont. filed June 29, 2010). Petitioner was denied parole on his first application following that conviction. Order at 2, DaSilva, No. OP 11-0113; Final Board Dispositions Dec. 2010 at 6, available at http://bopp.mt.gov/dispositions (accessed May 26, 2011).

## III. Petitioner's Allegations

In his federal petition, Petitioner complains that he was denied parole because he has not completed sex offender treatment, but the offense for which he is imprisoned – failure to register – is not itself a sexual offense. Pet. (doc. 1) at 4 ¶ 15A. He also claims that he is currently imprisoned for failure to register even though that conduct is not criminal. Id. at 5 ¶ 15B. This claim is a challenge to his conviction, not to denial of parole.

## IV. Analysis

Petitioner's parole claim was not fairly presented in the Montana courts but it

can no longer be presented, so it is deemed exhausted. But that means it is procedurally defaulted and may not be considered unless Petitioner can excuse his default. Petitioner's challenge to his conviction is unexhausted because his direct appeal is still pending before the Montana Supreme Court.

One way of looking at the petition, therefore, is to call it a "mixed" petition, containing one exhausted and one unexhausted claim. Rhines v. Weber, 544 U.S. 269, 271 (2005). If that route were taken, a stay might be contemplated, id. at 275-76, but a stay is probably unwarranted, because there is no conceivable good cause for Petitioner's filing in federal court before his direct appeal of his conviction is exhausted, id. at 277. If procedural obstacles were deemed decisive, it would also make sense to consider whether Petitioner must file two petitions under Rule 2(e) of the § 2254 Rules.

There is no point, however, in diving down procedural rabbit-holes. "Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions." Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). The parole claim is patently meritless and should be denied. That leaves Petitioner's challenge to his conviction, which should be dismissed as premature.

**A. Denial of Parole**

Petitioner's parole claim is procedurally defaulted because he did not rely on

federal law in his state habeas petition, see State Habeas Pet. (doc. 2-2) at 1-9; Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008), and he may not cure that defect by returning to the Montana Supreme Court, In re Hart, 583 P.2d 411, 420 (Mont. 1978); Smith v. Baldwin, 510 F.3d 1127, 1138-39 (9th Cir. 2007) (en banc).  Rather than giving him a pointless opportunity to excuse his default, Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998), the goal of reaching final resolution is advanced if the Court assumes Mr. DaSilva might somehow find cause to excuse the default  and address the claim on the merits, because the claim has no merit.  28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Boyd, 147 F.3d at 1127-28 ("Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions."); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).  Merits analysis follows.

First, Montana inmates convicted after 1989 do not have a state-created liberty interest in parole.  Compare Mont. Code Ann. §§ 46-23-201(1) (2009)[1] ("the board *may* release on nonmedical parole . . . any person . . . when in its opinion there is

---

[1]  The statute has been amended.  The amendments will not become effective until July 1, 2011, 2011 Mont. Laws ch. 102 §§ 5, 15, or October 1, 2011, 2011 Mont. Laws ch. 176 § 1; Mont. Code Ann. § 1-2-201(1)(a) (2009), but they would not change the result here even if they applied.

reasonable probability that the prisoner can be released without detriment to the prisoner or to the community"), -201(5) ("A prisoner may be placed on parole *only when* the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen.") (emphases added), with Board of Pardons v. Allen, 482 U.S. 369, 377-78 (1987) (holding that previous version of Montana statute, which stated parole "shall" be granted when the Board finds certain facts, "creat[ed] a presumption that parole release will be granted," and so created liberty interest protected by federal due process).

Further, no liberty interest in parole arises under federal law in Petitioner's circumstances. Montana inmates become eligible for parole based on time in custody and other conditions not applicable here. Mont. Code Ann. § 46-23-201(3); Mont. Admin. R. 20.25.305(1) (eff. Dec. 10, 2010).[2] The Board duly considered Petitioner's first application, Mont Code Ann. § 46-23-202; State Habeas Pet. (doc. 2-2) at 4 ("DaSilva was parole eligible on February 3rd, 2011"), and denied him parole. It is not clear whether treatment is required or recommended, but even if the Board never comes to believe it is safe to release Petitioner on parole unless he successfully completes treatment, Mont. Code Ann. § 46-23-201(1), (5), completion of sex

---

[2] The pertinent Administrative Rules were amended effective December 10, 2010. The amendments make no difference to Petitioner's claims. Subdivision .305(1) was formerly .301(1); see also Mont. Admin. R. 20.25.401(1).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

offender treatment is not a precondition to parole eligibility, compare Neal v. Shimoda, 131 F.3d 818, 829 (9th Cir. 1997). Petitioner's suitability for parole will be reviewed in 2013 regardless of whether he completes treatment, Final Case Dispositions at 6 (Dec. 2010), available at http://bopp.mt.gov/dispositions; State Habeas Pet. (doc. 2-2) at 4 ("they also made DaSilva ineligible for parole for 3 years"). He may also seek review before then, Mont. Admin. R. 20.25.402(5),[3] so there is no likelihood that delay of his hearing will actually affect the date of his release, California Dep't of Corrections v. Morales, 514 U.S. 499, 513 (1995) – even if the Ex Post Facto Clause applied, and it does not because Montana law no longer provides for annual review, Mont. Admin. R. 20.25.501(2)(d), (f).[4] Nor has the Board imposed on him any hardship that is atypical and significant in relation to the ordinary incidents of prison life. Mem. in Supp. of Pet. at 4 (referring to Sandin v. Conner, 515 U.S. 472, 484 (1995)). The Board considered whether Petitioner was a good candidate for early release and decided he was not. That is its very purpose – significant but hardly atypical.

---

[3] Formerly .401(13) (which, to be clear, also did not provide for annual review).

[4] Subdivision .401(13) formerly provided that "If parole is denied, the inmate may be required to serve until discharge." The Rule now provides that review must occur within eight years, .501(2)(d), or, if the offender has less than three years to serve, he may be required to serve until discharge, .501(2)(f).

Second, even if Petitioner had a liberty interest in parole, he would not be entitled to federal judicial review of the quality of the Board's reasons for denying him parole or of its recommendation that he obtain sex offender treatment in order to convince it that his release would not be detrimental to himself or the community. Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859, 862 (2011) (per curiam). He does not complain that he was deprived of anything he actually was entitled to: notice, id. at 862, Mont. Admin. R. 20.25.306(1), .401(1);[5] a written statement of reasons, see Order at 2, DaSilva, No. OP 11-0113 (stating that "[a] copy of the Case Disposition is included in Appendix 'B' to the petition" and describing Board's remarks in disposition), Mont. Admin. R. 20.25.401(9),[6] State Habeas Pet. (doc. 2-2) at 3 ("Quoting (Board's Case disposition)"); and an opportunity to be heard, see Final Case Dispositions at 6 (Dec. 2010) (showing "A" under "Hearing Type," that is, Petitioner appeared in person before the Board), Mont. Admin. R. 20.25.202(7), .401(1).[7] Those points are "the beginning and the end of the federal habeas courts' inquiry." Cooke, 131 U.S. at 862. In particular, contrary to Petitioner's claim, the Board's determination of an inmate's suitability for parole is not restricted by the

---

[5] Formerly .302(1) and .401(1), respectively.

[6] Formerly .401(13).

[7] Formerly .202(5) and .401(1), respectively.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

sentencing court's statements or findings. Mont. Code Ann. § 46-23-215; Mont. Admin. R. 20.25.702(3);[8] McDermott v. McDonald, 24 P.3d 200, 203 ¶ 15 (Mont. 2001) ("[T]he Board's authority to impose conditions precedent to parole is both independent of and broader than a court's authority to impose such conditions in a sentence.").

Finally, Petitioner identifies no irrational or unlawfully discriminatory basis for the Board's decision. Mem. in Supp. of Pet. (doc. 2) at 2. There is nothing malicious or deceptive about denying parole to a convicted sex offender who, in the Board's opinion, fails or refuses to acknowledge the reality of his offense.

Petitioner's parole claim is frivolous and should be denied for lack of merit.

**B. Challenge to Conviction for Failure to Register**

Petitioner's direct appeal of his conviction for failure to register is pending in the Montana Supreme Court. He may prevail, in which case the federal petition would be moot. Even if he does not prevail, his conviction will not be final until at least 90 days after it is decided. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). To

---

[8] Formerly .703(1). In the previous version, special conditions of supervision on parole were wholly unlimited. The amended rule requires that they "must not be unrealistic or vague and must be reasonably related to the offender's crime, public safety, or the circumstances and rehabilitation of the offender." But the sentencing court still has no authority to prevent the Board from deciding what will satisfy it that an inmate is ready for parole or to require or prohibit the Board's formulation of conditions for supervision on parole.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8

avoid any possibility of interfering with the direct appeal process or decisions of Petitioner's counsel, Petitioner's challenge to his conviction should be dismissed without prejudice for failure to exhaust state remedies. Petitioner cannot be prejudiced by dismissal for failure to exhaust, Slack v. McDaniel, 529 U.S. 473, 485-86 (2000), though he is advised that the one-year statute of limitations for filing a federal habeas petition will likely begin if and when his conviction becomes final, 28 U.S.C. § 2244(d).

## VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).

Here, there is no room for debate among reasonable jurists. Petitioner asks this Court to reconsider the denial of his application for parole. Petitioner had no liberty interest in parole, and even if he did, he received all the process that was due to him

under federal law; that is all a federal court may consider. Cooke, 131 S. Ct. at 862. Petitioner's challenge to his conviction for failure to register as a sex offender is premature, as his direct appeal is still pending in the Montana Supreme Court. Although the petition as a whole might be addressed in a procedurally different way, there is no need to delay resolution or encourage further proceedings in this case. Petitioner's parole claim should be denied for lack of merit, and his challenge to his conviction should be dismissed without prejudice as unexhausted. Slack, 529 U.S. at 485-86.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Petitioner's parole claim should be DENIED on the merits.

2. Petitioner's challenge to his conviction should be DISMISSED WITHOUT PREJUDICE as unexhausted.

3. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner on the parole claim and a judgment of dismissal on Petitioner's challenge to his conviction.

4. A certificate of appealability should be DENIED on both claims as neither the merits nor the procedural questions warrant further proceedings.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 2nd day of June, 2011.

                                                /s/ Keith Strong
                                                Keith Strong
                                                United States Magistrate Judge